**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DESIREE O.,[1]

Plaintiff, 3:25-cv-399 (BKS/ML)

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

**Appearances:**

*For Plaintiff:*
Howard D. Olinsky
Olinsky Law Group
250 S. Clinton Street, Suite 210
Syracuse, NY 13201

*For Defendant Commissioner:*
United States Attorney
Geoffrey M. Peters
Special Assistant United States Attorney
Social Security Administration
6401 Security Boulevard
Baltimore, MD 21235

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

Plaintiff Desiree O. commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Defendant Commissioner of Social Security's denial of her application for supplemental security income ("SSI") benefits. (Dkt. No. 1). This matter was referred to United States Magistrate Judge Miroslav Lovric. (Dkt. No. 5). On June 9, 2026, after reviewing the

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

parties' briefs and Administrative Record,[2] Magistrate Judge Lovric issued a Report-Recommendation recommending that the Commissioner's decision be affirmed. (Dkt. No. 19). Plaintiff filed objections to the Report-Recommendation and the Commissioner responded. (Dkt. Nos. 20, 21). The Court adopts the Report-Recommendation in its entirety.

## II. STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*.

## III. DISCUSSION

### A. Procedural History

Plaintiff filed her SSI application on March 26, 2015, more than ten years ago. (R. 11). Since then, it has been the subject of four (unfavorable) Administrative Law Judge ("ALJ") decisions, (R. 83–106, R. 112–38, R. 8–39, R. 1254–67), and an order of remand for further proceedings, ("Remand Order"). *See Desiree S. v. Comm'r of Soc. Sec. ("Desiree S. I")*, No. 22-

---

[2] The Court cites the Bates numbering in the Administrative Record, (Dkt. No. 9), as "R." throughout this opinion, rather than to the page numbers assigned by the CM/ECF system.

cv-985 (MAD/DEP), 2023 WL 7688690, at *7, 2023 U.S. Dist. LEXIS 182936, at *21 (N.D.N.Y. Sept. 8, 2023), *report and recommendation adopted by Desiree S. v. Comm'r of Soc. Sec. ("Desiree S. II")*, 2023 WL 6578958, at *2, 2023 U.S. Dist. LEXIS 181620, at *4 (N.D.N.Y. Oct. 10, 2023). United States District Judge Mae A. D'Agostino remanded the third ALJ decision, finding that "ALJ [Kenneth] Theurer (1) placed disproportionate weight on Plaintiff's lack of medical treatment" in discounting Plaintiff's testimony regarding the severity of limitations imposed by her mental health impairments, and "(2) failed to conduct a proper assessment, with sufficient reasons supported by substantial evidence, of Plaintiff's subjective reports of [mental health] symptoms." *Desiree S. II*, 2023 WL 6578958, at *1, 2023 U.S. Dist. LEXIS 181620, at *3; *see also Desiree S.* I, 2023 WL 7688690, at *6, 2023 U.S. Dist. LEXIS 182936, at *17 (explaining that without "some analysis of the medical evidence," the court could not conduct a "meaningful review of how the [ALJ] assessed all the treatment evidence when considering Plaintiff's subjective reports")).

On remand, following a hearing, ALJ Theurer issued the fourth decision denying Plaintiff's application for SSI benefits, and finding, as relevant here, Plaintiff's subjective statements regarding her symptoms were "not entirely consistent with the medical evidence and other evidence in the record." (R. 1260).

**B. Report-Recommendation**

Plaintiff has not raised any objections to the background and procedural history, legal standards, or summary of ALJ Theurer's January 27, 2025 decision, as set forth in the Report-Recommendation. (Dkt. No. 19, at 2–14 (citing R. 1254–67)). The Court therefore adopts Magistrate Judge Lovric's summary of the relevant background and applicable law and presumes familiarity with those matters for purposes of this decision. The Court also adopts those aspects

of the Report-Recommendation to which neither party has raised a specific objection, finding no clear error therein. *See Molefe*, 602 F. Supp. 2d at 487.

In the Report-Recommendation, Magistrate Judge Lovric first addressed Plaintiff's argument "that the ALJ failed to abide by [the Remand Order] by improperly rejecting Plaintiff's testimony regarding the functional limitations imposed by her mental health impairments." (Dkt. No. 19, at 8 (citing Dkt. No. 12 at 10–15)). Magistrate Judge Lovric explained that some courts have found judicial remand orders "in Social Security cases constitute the law of the case," *id.* at 8–9 (quoting *Krawczyk v. Berryhill*, No. 17-cv-01311, 2019 WL 244491, at *4, 2019 U.S. Dist. LEXIS 8535, at *10 (W.D.N.Y. January 17, 2019)), while others have "applied the so-called 'rule of mandate,'" which requires that an administrative agency's "actions . . . be consistent with both the letter *and the spirit* of the higher court's decision," (*id.* at 9–10 (quoting *Krawczyk*, 2019 WL 244491, at *4, 2019 U.S. Dist. LEXIS 8535, at *10 (emphasis in original)), but that under both standards, it is "well settled that an ALJ's failure to follow a court's remand order is reversible error," (*id.* at 9 (citing cases)).

Upon review of the applicable law and the ALJ's decision, Magistrate Judge Lovric found that the ALJ sufficiently complied with the Remand Order:

> The ALJ avoided overreliance on Plaintiff's perceived lack of treatment compliance to discount her testimony on remand. (Dkt. No. 17 at 8.) Instead, the ALJ provided a lengthy evaluation of Plaintiff's description of her mental health limitations in light of the available treatment notes, consultative examination reports, medical opinions and Plaintiff's documented activities of daily living. (T. 1259-1265.) In doing so, the ALJ provided the type of "meaningful review" that Judge Peebles recognized as required for proper evaluation of subjective testimony, and thus complied with Judge D'Agostino's October 10, 2023 judicial remand order.

(Dkt. No. 19, at 15). In reaching this conclusion Magistrate Judge Lovric found that the ALJ had not repeated the prior error of relying on select normal mental status examinations to reject

Plaintiff's description of her mental health limitations, but had considered all the evidence, including the broader treatment record, most restrictive medical opinions, and medical records containing "multiple examples of observed anxiety, distractibility, restlessness, and poor frustration tolerance," (*id.* at 15–16 (citing R. 1260)), as well as the evidence of less severe symptoms, including "numerous observations" by multiple medical professionals of mental functioning within normal range, and normal affect, insight and judgment. (*Id.* at 16–17). Magistrate Judge Lovric found that in analyzing Plaintiff's testimony, the ALJ had appropriately assessed its consistency "with the longitudinal treatment record, relevant mental status examinations, relevant opinion evidence, and activities of daily living." (*Id.* at 20 (citing *Castillo v. O'Malley*, No. 24-41-cv, 2024 WL 4707253, at *3, 2024 U.S. App. LEXIS 28256, at *8–9 (2d Cir. Nov. 7, 2024))). Magistrate Judge Lovric therefore found no legal error and that the ALJ's credibility determination was supported by substantial evidence. (*Id.*).

Second, Magistrate Judge Lovric found that the ALJ's RFC determination and conclusion of "no disability" were supported by substantial evidence. (*Id.* at 21). Magistrate Judge Lovric addressed the evidence Plaintiff "marshaled" suggesting "greater limitations than set forth in the . . . RFC determination, including her own testimony and the medical opinion of Dr. Amy Hunt," but found "at best, her challenge to the ALJ's disability determination is premised upon a disagreement over how the ALJ resolved arguably conflicting evidence." (*Id.* at 22 (quotation marks omitted)). Declining to reweigh the evidence, Magistrate Judge Lovric concluded that "[i]n light of the ALJ's thorough analysis" the ALJ's RFC determination and finding of no disability were supported by substantial evidence and did "not present grounds for remand." (*Id.* at 22–23).

**C. Objections**

Plaintiff objects: (1) to Magistrate Judge Lovric's conclusion that the ALJ complied with

the Remand Order in evaluating her subjective testimony; and (2) that Magistrate Judge Lovric failed to address Plaintiff's argument that the ALJ did not comply with 20 C.F.R. § 416.929(c)(4). (*See generally* Dkt. No. 20). The Commissioner responds that Plaintiff's objections are without merit.[3] (*See generally* Dkt. No. 21).

### 1. Plaintiff's Subjective Reports of Mental Health Symptoms

In her objections, Plaintiff asserts that in discounting her subjective complaints, Magistrate Judge Lovric and the ALJ repeated the errors that led to remand by relying on "numerous observations of mental functioning within 'normal range' despite" the "significant mental health concerns documented [in] those very same reports." (Dkt. No. 20, at 3 (quoting R. 1259–65)). Specifically, Plaintiff takes issue with Magistrate Judge Lovric's citation of "pages 603, 645, and 656" of the Administrative Record "as . . . support for the ALJ's reliance on normal findings" without acknowledging the more severe findings in the same reports. (*Id.* (citing Dkt. No. 19, at 16)). In other words, Plaintiff argues that Magistrate Judge Lovric engaged in impermissible "cherry-picking" of evidence supporting the ALJ's conclusion "while disregarding differing evidence from the same source." *Michelle J. v. Comm'r of Soc. Sec.*, No. 21-cv-00306, 2023 WL 2623587, at *4, 2023 U.S. Dist. LEXIS 50656, at *7–8 (W.D.N.Y. Mar. 24, 2023) (quoting *Lisa T. v. Kijakazi*, No. 20-cv-1764, 2022 WL 2207613, at *3, 2022 U.S. Dist. LEXIS 109225, at *9 (D. Conn. June 21, 2022); (*see* Dkt. No. 20 (citing *Michelle J.*, 2023 WL 2623587, at *4, 2023 U.S. Dist. LEXIS 50656, at *7–8)).

---

[3] The Commissioner asserts that Plaintiff's objections "largely repeat" the arguments she presented to Judge Lovric, the Report-Recommendation should be evaluated under the "clear error" standard. (Dkt. No. 21, at 2). However, the Second Circuit recently rejected this approach, explaining that "[a] litigant who has fully and forcefully argued her point in front of the magistrate judge and lost *must* be able to make that argument again to the district judge." *Nambiar*, 158 F.4th at 360. So long as a "litigant's objections take issue with a specific legal conclusion in the report and recommendation, they should be considered *de novo*, even if they repeat an argument raised before the magistrate judge." *Id.* at 361 (quotation marks omitted). The Court has no difficulty concluding that Plaintiff's objections, even if repetitive, are sufficiently specific.

Plaintiff is correct insofar as both Magistrate Judge Lovric and the ALJ cited pages 603 (Family Counseling Services consultation summary), 645 (Dennis M. Noia, Ph.D. psychiatric evaluation), and 656 (Cortland County Mental Health Clinic preadmission screening) as evidence reflecting normal findings or no limitations, (Dkt. No. 19, at 16 (citing R. 603, R. 645, R. 656); *see also* R. 1260 (citing R. 603, 656), R. 1263 (citing R. 646)). However, this was not the only evidence Magistrate Judge Lovric and the ALJ cited as showing normal findings. For instance, the ALJ also cited evidence indicating that Plaintiff: had "been observed as fully oriented, alert, and able to obey commands," (R. 1260 (citing R. 886, 1100–13, 1723)); had presented "with normal range, affect, insight, and judgment," (R. 1260 (citing R. 702, 923, 1001, 1247, 1239)); and had been noted to "show good eye contact, appropriate interaction and normal psychomotor activity with an absence of agitation," (R. 1261 (citing R. 656, 1103)), and to be "well-appearing, well-nourished, and well groomed," (R. 1261 (citing R. 896, 1025, 1692)); *see also* Dkt. No. 19 (noting the additional normal findings in R. 613, 702, 1103, 1247 (citing R. 1260)).

Further, the ALJ specifically referred to the evidence from Family Counseling Services, Dr. Noia, and Cortland County that *supported* Plaintiff's claimed limitations. The ALJ noted that the Family Counseling Services records contained Plaintiff's reports of "spontaneously yelling and freaking out in public" and having nightmares as well as observations of Plaintiff having an anxious and labile mood or affect, (R. 1260 (citing 602–03)). The ALJ also recounted all of Dr. Noia's findings, including those suggesting more severe symptoms, (*See* R. 1262–63 (noting Dr. Noia's findings that Plaintiff's "memory was mildly impaired," cognitive functioning borderline, and "judgment and insight" were "fair" (citing R. 643–46)), and noted that the Cortland County preadmission screening reflected Plaintiff's "intense affect," (R. 1260 (citing R. 659)). But even

if the ALJ did not include all severe mental health symptoms reflected in the Family Counseling Services or Cortland County medical records, any error was harmless in view of the ALJ's extensive recitation of similar evidence reflecting more severe symptomology. (*See*, *e.g.*, R. 1260 (noting that Plaintiff "punches and kicks in her sleep," experiences "flashbacks," has been observed to have "an anxious, intense, blunted, and labile mood and effect," "socially isolates," "exhibited fidgetiness, and is documented as presenting with a flight of ideas")).

In addition, the ALJ expressly acknowledged record evidence reflecting many of the very findings that Plaintiff claims were overlooked. (*See* Dkt. No. 20, at 3 (asserting that the ALJ overlooked evidence of anxiety disorder, speech impediment, GAF of 60, "labile affect," inability to perform simple calculations, borderline intellectual functioning, bland affect, depressed mood, fair judgment, and diminished impulse control)). For example, the ALJ noted that Plaintiff "has presented herself in an inappropriate fashion during mental status examination, exhibited fidgetiness, and is documented as presenting a flight of ideas . . . has shown poor insight and judgment" and "presented with poor grooming and appearance," (R. 1260), that Ann Hunt, Ph.D., noted that Plaintiff's "[d]ocumented mental health symptoms included" "pathological dependence, passivity, or aggressivity" and "impaired impulse control," (R. 1261), that Dr. Noia assessed Plaintiff's "judgment and insight" as "fair," (R. 1263), and that Amanda Slowick, Psy.D., noted Plaintiff's "anxious mood and affect," marked impairment of Plaintiff's "attention and concentration" and "cognitive deficits," and that her insight was "limited" and judgment was "poor," (T. 1264). Under these circumstances, the Court finds no error in ALJ's citation of one medical record instead of another, where both reflected similar symptoms or findings.

The Court therefore agrees with Magistrate Judge Lovric that that in evaluating the

record evidence, the ALJ took sufficient notice of the medical records and opinions that supported Plaintiff's subjective complaints and analyzed this evidence in light of the broader record. (R. 1261–65). As this analysis satisfies the requisite inquiry, *see Castillo v. O'Malley*, 2024 WL 4707253, at *3, 2024 U.S. App. LEXIS 28256, at *7 (evaluating subjective complaints requires an ALJ to "consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with" "the claimant's 'own statements, the observations and opinions of . . . treating physicians, and the observations and opinions of other medical professionals who examined [the claimant] or reviewed his records.'" (quoting *Whipple v. Astrue*, 479 F. App'x 367, 370 (2d Cir. 2012)), the Court finds no legal error in the ALJ's credibility assessment. Further, the ALJ's conclusion that Plaintiff's complaints were not entirely consistent with the treatment notes, medical evidence, and opinions suggesting a lesser-degree of severity, is supported by substantial evidence. (*See*, *e.g.*, R. 1260–64 (finding Plaintiff's complaints inconsistent with "numerous observations of mental functioning within normal range," treatment records indicating Plaintiff presented with normal range, affect, insight, and judgment, the medical opinions of Dr. Fuess, and Drs. Hunt and Noia (in part), and activities of daily living)). Thus, the Court finds Plaintiff's objection is without merit.

**2. Resolution of Inconsistencies and Conflicts – 20 C.F.R. § 416.929(c)(4)**

In her second objection, Plaintiff contends that Magistrate Judge Lovric overlooked her argument that the ALJ failed to comply with 20 C.F.R. § 416.929(c)(4), which requires the ALJ to "consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [a claimant's] statements and the rest of the evidence," (Dkt. No. 20, at 5 (quoting 20 C.F.R. § 416.929(c)(4))). Plaintiff, however, did not raise this argument until her reply brief. (*See* Dkt. No. 18, at 3). Plaintiff's initial brief, (Dkt. No. 12), contains no reference to 20 C.F.R. § 416.929(c)(4). "Arguments raised for the first time on reply are waived."

*CollegeStreet Imp. & Exp. (Tianjin) Co. v. TL x HF, LLC*, 777 F. Supp. 3d 238, 247 (S.D.N.Y. 2025) (citing *Prospect Cap. Corp. v. Credito Real USA Fin. LLC*, 702 F. Supp. 3d 178, 190 n.6 (S.D.N.Y. 2023)). But even if not waived, Plaintiff's objection lacks merit. Magistrate Judge Lovric not only referenced this regulation in the Report-Recommendation, (*see* Dkt. No. 19, at 7), but found that:

> the ALJ resolved conflicts between the objective medical record, medical opinion evidence, and hearing testimony by placing the greatest reliance on that evidence that he deemed most consistent with Plaintiff's overall treatment record and activities. In doing so, *the ALJ appropriately evaluated the conflicting medical evidence and plaintiff's testimony and made an RFC finding that was consistent with the overall record.*

(Dkt. No. 19, at 21 (emphasis added)).

Further, as discussed above, the ALJ extensively analyzed Plaintiff's testimony as well as the medical evidence supporting and conflicting with that testimony and resolved the inconsistencies after weighing Plaintiff's testimony against the medical and opinion evidence. *See Earl G. W. v. Comm'r of the Soc. Sec. Admin.*, 835 F. Supp. 3d 421, 433 (S.D.N.Y. 2026) (finding the ALJ "did precisely what the relevant regulations required of her" observing that the "ALJ did not reject plaintiff's testimony; she found that it was not entirely consistent with the medical evidence and other evidence in the record") (quotation marks omitted) (citing 20 C.F.R. § 416.929(c)(4))). The Court therefore finds Plaintiff's objection without merit.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation, (Dkt. No. 19), is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings, (Dkt. No. 12), is

**DENIED**; and it is further

**ORDERED** that the Commissioner's motion for judgment on the pleadings, (Dkt. No. 17), is **GRANTED,** and the Commissioner's decision **AFFIRMED**; and it is further

**ORDERED** that the Complaint, (Dkt. No. 1), is **DISMISSED**; and it is further

**ORDERED** that the Clerk is directed to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

Dated: September 21, 2026

Brenda K. Sannes
Brenda K. Sannes
Chief U.S. District Judge